MANDATE

13-3913-cv
Starr v. Firstmark Corp.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fourteen.

PRESENT:    JOHN M. WALKER, JR.,
            DENNY CHIN,
            CHRISTOPHER F. DRONEY,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - -x

MARC A. STARR,

            <u>Plaintiff-Appellant</u>,

            -v-                                      13-3913-CV

FIRSTMARK CORP.,

            <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      LEAH MARY CAMPBELL, Katten Muchin
                              Rosenman LLP, New York, New York

FOR DEFENDANT-APPELLEE:       ERIC L. UNIS, Troutman Sanders
                              LLP, New York, New York

        Appeal from the United States District Court for the Eastern District of New York (Feuerstein, <u>J.</u>).

MANDATE ISSUED ON 05/21/2014

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Marc A. Starr appeals from the district court's judgment entered September 11, 2013 dismissing his second amended complaint and denying leave to file a third amended complaint. By opinion and order filed September 9, 2013, the district court granted the motion of defendant-appellee Firstmark Corp. ("Firstmark") to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and denied Starr's letter motion for leave to file a third amended complaint. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

This case arises out of a stock purchase agreement ("SPA") through which Firstmark acquired Centroid, Inc. ("Centroid"), a company that manufactures and assembles replacement parts for military applications, from Starr. As the former owner of Centroid, Starr was eligible for periodic "Earn-Out Payments" depending upon Centroid's performance during the two years following Firstmark's acquisition. Starr makes three arguments on appeal: the district court erred in (1) concluding that he failed to sufficiently allege a claim for breach of the implied covenant of good faith, (2) failing to accept as true the factual allegations of the second amended complaint and failing to draw all reasonable inferences in his favor as

2

required on a Rule 12(b)(6) motion, and (3) failing to grant leave to file a third amended complaint.

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6). See Simmons v. Roundup Funding, LLC, 622 F.3d 93, 95 (2d Cir. 2010). While we generally review a district court's denial of a motion for leave to amend a pleading for abuse of discretion, where the denial is based on rulings of law, our review is de novo. See Spiegel v. Schulmann, 604 F.3d 72, 78 (2d Cir. 2010) (per curiam); Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 242 (2d Cir. 2007).

### 1. The Implied Covenant of Good Faith

The SPA provided that Firstmark would prepare financial statements in accordance with generally accepted accounting principles ("GAAP") and that any disputes over the calculations would be decided by an independent accountant. The parties agreed that the accountant's findings would "be final and binding upon the Parties and [would] not be subject to judicial review." (App. 47). Starr concedes that an independent auditor jointly chosen by the parties found that Firstmark's accounting complied with GAAP. Nevertheless, he argues that Firstmark breached Delaware's implied covenant of good faith in the way it applied GAAP to calculate Centroid's revenue.

The duty of good faith and fair dealing attaches to every contract under Delaware law and encompasses "the obligation to preserve the spirit of the bargain rather than the letter, the adherence to substance rather than form." Pierce v. Int'l Ins. Co. of Ill., 671 A.2d 1361, 1366 (Del. 1996) (internal quotation mark omitted).[1]  Delaware law also provides, however, that "where a dispute arises from obligations that are expressly addressed by contract, that dispute will be treated as a breach of contract claim."  Nemec v. Shrader, 991 A.2d 1120, 1129 (Del. 2010); see also id. at 1128 ("Delaware's implied duty of good faith and fair dealing is not an equitable remedy for rebalancing economic interests after events that could have been anticipated, but were not, that later adversely affected one party to a contract.").

Starr posits that Firstmark's application of GAAP "in a particular manner" violated the duty of good faith.  (Reply Br. at 4).  But Starr and Firstmark did not agree to a particular application of GAAP, as the SPA merely provided that Firstmark would "cause [Centroid] to prepare internal financial statements in accordance with GAAP."  (App. 44).  Hence, the SPA did not require only a particular application of GAAP, and, indeed, Starr notes that "[i]t is well recognized . . . that

---

[1] As the parties agree and as it provides, the SPA is governed by Delaware law.

4

GAAP is 'flexible.'" (Appellant's Br. at 15). Nor has Starr pointed to anything in the SPA that implies that the parties would have agreed to a particular application of GAAP had they "specifically addressed the issue at the time of contract." Nemec, 991 A.2d at 1127; see also Fitzgerald v. Cantor, No. 16297-NC, 1998 WL 842316, at *1 (Del. Ch. Ct. Nov. 10, 1998) ("Since a court can only imply a contractual obligation when the express terms of the contract indicate that the parties would have agreed to the obligation had they negotiated the issue, the plaintiff must advance provisions of the agreement that support this finding in order to allege a sufficiently specific contractual obligation."). The independent accountant specified in the contract's dispute resolution provision reviewed Firstmark's calculations and found that they adhered to GAAP. Starr is therefore bound by the independent accountant's decision and he is barred from repackaging his claims under Delaware's contractual duty of good faith. "A party does not act in bad faith by relying on contract provisions for which that party bargained where doing so simply limits advantages to another party." Nemec, 991 A.2d at 1128.

### 2. The Rule 12(b)(6) Standard

Starr also contends that the district court did not "accept[] as true [his] allegations concerning the course of [his] negotiations" with Firstmark. (Appellant's Br. at 20).

5

In particular, he points to an email he received from Firstmark's CFO about how it would calculate Centroid's year-end earnings. The email, which is referenced in the second amended complaint, purportedly provided assurance that Firstmark would not make certain adjustments. The district court did not, however, interpret the email in a manner inconsistent with Starr's interpretation, and the email did not form the basis for the district court's dismissal. Instead, the district court merely cited the email as evidence that the parties specifically discussed accounting methodology prior to executing the SPA, and it noted that the parties could have included similar language in the SPA -- but they did not. Contrary to Starr's suggestion, therefore, the district court's reference to the email did not contravene the requirements of Rule 12(b)(6).

3. **Leave to Amend**

Finally, we agree with the district court that leave to amend would have been futile. Starr had already filed three complaints. His proposed fourth iteration added no new facts or legal theories. Starr accepts as much, conceding that the third amended complaint "asserts the same claims." (Appellant's Br. at 28). Because Starr has not identified any new facts that, if pleaded, "could cure the deficiencies that led to the dismissal of [his initial] complaint," Wilson v. Merrill Lynch & Co., 671

6

F.3d 120, 140 (2d Cir. 2011), the district court did not abuse its discretion in denying leave to amend.

We have considered appellant's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit